Dear Mayor Slaid:
You have asked this office to advise you whether an attorney who is employed as a parish public defender may also serve as general counsel to the parish sheriff, in noncriminal matters only.
This office has addressed a similar issue in Attorney General Opinion 00-0208. In that opinion, the question was whether an attorney whose partner was a parish indigent defender could serve as civil legal counsel to the parish sheriff. As we did in that response it is again appropriate to cite Louisiana's Rules of Professional Conduct. The pertinent rules provide as follows:
 Rule 1.7. Conflict of Interest: Current Clients
 (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
 (1) the representation of one client will be directly adverse to another client; or
 (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
 (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
 (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
 (2) the representation is not prohibited by law;
 (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
 (4) each affected client gives informed consent, confirmed in writing. *Page 2 
Rule 1.8. Conflict of Interest: Current Clients: Specific Rules
 (a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
 (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;
 (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
 (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.
 (b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.
 (c) A lawyer shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift, is related to the client. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, or grandparent.
 (d) Prior to the conclusion of representation of a client, a lawyer shall not make or negotiate an agreement giving the lawyer literary or media rights to a portrayal or account based in substantial part on information relating to the representation.
 (e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:
 (1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and
 (2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.
 (f) A lawyer shall not accept compensation for representing a client from one other than the client unless:
 (1) the client gives informed consent, or the compensation is provided by contract with a third person such as an insurance contract or a prepaid legal service plan;
 (2) there is no interference with the lawyer's independence or professional judgment or with the client-lawyer relationship; and
 (3) information relating to representation of a client is protected as required by Rule 1.6. *Page 3 
 (g) A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client gives informed consent, in a writing signed by the client, or a court approves a settlement in a certified class action. The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.
 (h) A lawyer shall not:
 (1) make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement; or
 (2) settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith.
 (i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:
 (1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and
 (2) contract with a client for a reasonable contingent fee in a civil case.
 (j) [Reserved].
 (k) A lawyer shall not solicit or obtain a power of attorney or mandate from a client which would authorize the attorney, without first obtaining the client's informed consent to settle, to enter into a binding settlement agreement on the client's behalf or to execute on behalf of the client any settlement or release documents. An attorney may obtain a client's authorization to endorse and negotiate an instrument given in settlement of the client's claim, but only after the client has approved the settlement.
 (l) While lawyers are associated in a firm, a prohibition in the foregoing paragraphs (a) through (k) that applies to any one of them shall apply to all of them.
Under Rule 1.7, when an attorney's representation of a client would be "directly adverse to" the representation of another client, or when an attorney's representation of a client would be "materially limited by" the representation of another client, such representation requires the consent of the affected client. Rule 1.8 (b) requires the consent of a client before the use of any information gleaned from the representation of that client to the disadvantage of that client.
The question under Rule 1.7 is whether the civil representation of the parish sheriff would be "directly adverse to" the interests of indigent defendants, or "materially limit" the lawyer's concurrent representation of indigent defendants. *Page 4 
You advise that the representation of the sheriff would be limited to civil matters. We again conclude as we did in Opinion 00-0208 that assuming such a limitation, representation of the sheriff would not "materially limit" representation of indigent defendants.
We repeat the caveat of Opinion 00-208, "that an extension of the representation provided by the [lawyer] to the area of law enforcement, including policies and procedures relating to the sheriff's law enforcement mission, might well affect the [lawyer's] representation of indigent defendants in such a way as to "materially limit" such representation. Given this, it would be prudent for the [lawyer] to obtain written waivers of any conflict of interest from all indigent defendants [he] represents."
You may also seek an opinion from the Louisiana State Bar Association regarding potential ethics issues.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: _________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL